UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO ANIBAL FLETES VARGAS, Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al., Respondent. | Case No.: 26-cv-4993-RSH-SBC<br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

On September 2, 2026, petitioner Pedro Anibal Fletes Vargas filed a petition for writ of habeas corpus (the "Petition"). ECF No. 1. For the reasons stated below, the Petition is denied.

## I. BACKGROUND

The Petition alleges that Petitioner was previously admitted to the United States under Nicaraguan Humanitarian Parole. ECF No. 1, at 3. Petitioner's parole expired in February 2026. *See* ECF No. 1-2, at 26. Petitioner was arrested on July 14, 2026. ECF No. 4, at 1. Petitioner is currently detained in the Otay Mesa Detention Center. ECF No. 1, at 3. Petitioner alleges that an Immigration Judge refused to conduct a bond hearing on the ground that the IJ lacked jurisdiction to hold such a hearing. *Id*.

//

## II. LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III. ANALYSIS

### A. Jurisdiction

The Government first argues that 8 U.S.C. § 1252(g) bars this Court's jurisdiction over the Petition. That provision states that, except as otherwise provided in Section 1252, and notwithstanding any other provision of law including 8 U.S.C. § 2241, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). The Government argues that because Petitioner challenges his detention during removal proceedings, that detention "arises from" the Department of Homeland Security's decision to commence such proceedings. ECF No. 4, at 2.

The Supreme Court has interpreted the jurisdiction-stripping provision in Section 1252(g) narrowly, limiting it to "three discrete actions": the "'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (quoting 8 U.S.C. § 1252(g)). The Supreme Court noted that "[t]here are of course many other decisions or actions that may be part of the deportation process." *Id.* However, the Court held that "[i]t is implausible that the mention of [those] three discrete events along the road to deportation was a shorthand way of referring to all claims arising from deportation proceedings." *Id.*

In a later decision involving a habeas petition, the Supreme Court likewise narrowly interpreted the similar "arising from" language in 8 U.S.C. § 1252(b)(9). *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018). Referring back to its opinion in *American-Arab*

*Anti-Discrimination Committee*, the Supreme Court explained that it did not construe Section 1252(g) "to sweep in any claim that can technically be said to 'arise from' the three listed actions of the Attorney General. Instead, [the Court] read the language to refer to just those three specific actions themselves." *Id.* (citation omitted). Consistent with this narrow interpretation, the Supreme Court held that Section 1252(b)(9) did not bar the detainee in *Jennings* from using habeas to challenge the legality of his detention. *Id.* at 294–95 ("[I]t is enough to note that respondents are not asking for review of an order of removal; they are not challenging the decision to detain them in the first place or to seek removal; and they are not even challenging any part of the process by which their removability will be determined. Under these circumstances, § 1252(b)(9) does not present a jurisdictional bar."). *See also Flores-Miramontes v. INS*, 212 F.3d 1133, 1139 (9th Cir. 2000) (stating that § 1252(b)(9) "does not affect petitions for habeas corpus").

Here, there is no indication that Petitioner is challenging DHS's decision to commence removal proceedings, the adjudication of his removal case, or an action to execute his removal order. There is also no indication that he seeks to litigate in this Court questions of whether he is removable or whether he is entitled to relief from removal. Instead, the relief Petitioner seeks here is release from custody pending the outcome of his immigration proceedings, or, in the alternative, a bond hearing at which his release may be considered by an immigration judge. ECF No. 1 at 9. The Court concludes that Petitioner's claim is not barred by Section 1252(g).

**B. Merits**

The Government argues that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Petitioner argues that his detention violates the Due Process Clause and that he is entitled to a bond hearing under 8 U.S.C. § 1226(a) because he is "not an arriving alien," but rather is an "applicant for admission." ECF No. 5, at 4–5. Petitioner's argument cites no legal authority, is conclusory, and fails to explain how his assertions support the relief he seeks. The Government does not dispute that Petitioner is an applicant for admission, but whether a noncitizen is an applicant for admission is not dispositive of

whether the noncitizen falls under 8 U.S.C. §§ 1225(b)(2) or 1226(a). As for Petitioner's assertion that he is not an "arriving alien" under 8 C.F.R. § 1001.1(q), he neither supports that assertion nor demonstrates why this entitles him to relief. The Petition provides an insufficient evidentiary and legal basis to conclude that he is entitled to a bond hearing. Petitioner has not met his burden of establishing that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Petitioner's remaining claims are brought under the Fourth, Fifth, and Eighth Amendments. These claims are likewise conclusory and unsupported. Petitioner does not establish that the Fourth Amendment prevents his arrest until after a notice to appear has been issued; that the Fifth Amendment forbids mandatory detention of someone without a criminal record; or that mandatory detention violates the Eighth Amendment.

## IV. CONCLUSION

For the foregoing reasons, the Petition is **DENIED.** The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: October 6, 2026

Robert S. Huie

Hon. Robert S. Huie
United States District Judge